# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRYSTAL WHATLEY,

Plaintiff,

v.                                                          Case No. 26-CV-196

WALMART INC, et al.,

Defendants.

## ORDER

Crystal Whatley filed this action in Manitowoc County Circuit Court. The defendants, Walmart, Inc., Wal-Mart Stores East I Limited Partnership, and Wal-Mart Real Estate Business Trust (referred to here collectively as Walmart) removed the action to this court on February 4, 2026. (ECF No. 1.) In doing so, Walmart filed a copy of the plaintiff's complaint. (ECF No. 4-1.)

Involuntary plaintiffs Molina HealthCare of Wisconsin, Inc., and Common Ground Healthcare Cooperative on February 19, 2026, each filed a cross-claim against Whatley and a counterclaim against Walmart for what it paid related to injuries Whatley sustained. (ECF Nos. 7, 9.) Walmart answered those counterclaims on March 19, 2026 (ECF Nos. 15, 16), and Whatley answered the crossclaims on March 23, 2026 (ECF No. 17, 18).

Walmart has not filed an answer to Whatley's complaint (at least not with this court). *See* Fed. R. Civ. P. 81(c)(2). Therefore, the court issued its standard Notice of Dismissal on March 27, 2026, noting that neither a responsive pleading nor a motion for default had been filed and advising the parties that absent further action by the parties, in 21 days the court would dismiss the action in accordance with Civil Local Rule 41(c). (ECF No. 19.) The parties have not taken any further action.

It is unclear if Walmart answered the complaint before removing the action. Ordinarily, a defendant will remove an action and then answer in federal court. In fact, the argument is often made that a defendant answering in state court waives its right to removal. *See, e.g.*, *Pagan v. RD Am., LLC*, No. 6:22-CV-1812-WWB-LHP, 2023 WL 3995461, at *2 (M.D. Fla. Apr. 5, 2023), *report and recommendation adopted,* No. 6:22-CV-1812-WWB-LHP, 2023 WL 3995456 (M.D. Fla. May 5, 2023).

But when a defendant has answered the complaint in state court before removing the action, it is routine for the defendant to automatically include that answer with the state court record. Although a removing defendant need not re-plead, Fed. R. Civ. P. 81(c)(2), a federal court cannot proceed without having in the record some sort of answer from the defendant.

However, this practical reality is not explicitly contained in the statutes or Rules. The removal statute refers to the removing defendant's obligation to provide the federal court with "pleadings" filed in state court but then limits it to those "served upon" the removing defendant. 28 U.S.C. § 1446(a). Thus, most courts generally agree that the removing defendant's answer is not within the scope of 28

2

U.S.C. § 1446(a). *Mattox v. United States Bank Nat'l Ass'n*, No. 2:11-CV-00244-WCO, 2012 U.S. Dist. LEXIS 203250, at *5 (N.D. Ga. Mar. 12, 2012).

Notwithstanding the court's explicit reminder of the need for an answer from Walmart (ECF No. 19), the parties have taken no further action. Insofar as the parties' inaction may be the result of a misunderstanding of the need to provide the federal court with any answer filed in state court, the court will afford the parties a final opportunity to remedy this defect before dismissing this action. So as to avoid any confusion, Walmart shall, within **14 days** of this order provide the "clerk copies of all records and proceedings" in the state court action. *See* 28 U.S.C. § 1447(b).

Finally, within **14 days** of this order *all* parties (*i.e.*, Crystal Whatley, the Walmart defendants, Molina Healthcare of Wisconsin Inc., and Common Ground Healthcare Cooperative) shall submit an amended disclosure statement that fully complies with Fed. R. Civ. P. 7.1(a)(2) by identifying "the citizenship of—every individual or entity whose citizenship is attributed to that party." *See Levy v. Walmart, Inc.*, No. 24-CV-1667, 2026 LX 180387 (E.D. Wis. Mar. 24, 2026).

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 21st day of April, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge